UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

Michael Joseph Jasso, Jr.,
Anthonette Nathalie Jasso,

      Debtor(s),
_____/

Case No. 12-22098

Chapter 13

## STATE OF MICHIGAN, DEPARTMENT OF TREASURY'S, RESPONSE TO OBJECTION TO PRIORITY AND UNSECURED PROOFS OF CLAIM BY STATE OF MICHIGAN

The State of Michigan, Department of Treasury, through its attorneys, Attorney General Bill Schuette and Assistant Attorney General Moe Freedman, responds to the debtor's Objection to Priority and Unsecured Proofs of Claim by State of Michigan:

1.     The debtor objects to Treasury's priority and unsecured proofs of claim (claim No. 11) stating: "Debtor has sold his interest in an ceased operations of his business prior to 7/1/2010 and is on information and belief was not obligated to file Michigan business Tax Returns or in the alternative, the tax returns would have resulted in no tax obligation."

2.     The Debtor does not provide any evidence with his objection to back up his claim that the business was sold and had ceased operation as July 2010, even though it is quite clear that after Treasury's claims are filed, they are afforded *prima facie* validity and it is the Debtor who has at least some of the burden in

1

providing some sort of evidence or other documentation to support her claim. *In re: Spohn*, 61 Bankr. 264 (Bankr. W.D. Wisc. 1986); *In re: Circle J Dairy, Inc.*, 112 Bankr. 297 (Bankr. W.D. Ark. 1989). Under the Bankruptcy Code, the Debtor is required to prove the lack of validity of the supporting figures used to calculate Treasury's debt. This burden may not be shifted from the Debtors to the creditor under the Code. Bankruptcy Rule 3001(f). See also, *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15; 120 S. Ct. 1951; 147 L.Ed.2d 13 (2000).

4. In *In re: Nejedio*, 324 Bankr. 697, 699 (Bankr. E.D. Wisc. 2005), the Court stated:

> Under Bankruptcy Rule 3001 (f), a properly executed and filed proof of claim constitutes *prima facie* evidence of both the validity and amount of the claim. According to the courts that have considered this Rule, a party objection to the claim must produce *evidence* to rebut the claim or the claim will prevail; the mere denial of the validity or amount is not sufficient to sustain an objection to a claim. Once the objector has produced evidence to overcome the presumption of validity and/or amount, the claimant must then produce additional evidence, and must prove the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden rests with the creditor, **but only after the objector has produced some evidence to rebut the claim.**
>
> \* \* \*
>
> The current edition of *Collier on Bankruptcy*, contains a similar statement of the law: "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001 (f) and Code section 502 (a). Unless the trustee, as objector, introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim.
>
> (Quotations omitted, citations omitted.)

5. The Michigan Department of Treasury provides a form entitled "Notice of Change or Discontinuance" for taxpayers to provide Treasury with notice of sale or the cessation of a business. Treasury has no record of the Debtor ever filing this document. Consequently, Treasury cannot adjust the assessments until Debtor provides, and Treasury accepts, a Notice of Change or Discontinuance or other valid evidence that the business ceased operations on the date the debtor suggests in his objection.

## RELIEF REQUESTED

Based on the above, Treasury respectfully requests that this Honorable Court deny the Debtor's Objection until Debtor provides the supporting documentation required under Michigan tax law to show why the Debtor does not have the debt as assessed by Treasury.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Moe Freedman
Moe Freedman (P74424)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140

Dated: August 14, 2013

3